### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY P. CANTANZARO, | |
| Plaintiff | CIVIL ACTION NO. 3:05-CV-0712 |
| v. | |
| HON. JOHN COTTONE, ET AL., | (JUDGE CAPUTO) |
| Defendants | |

### MEMORANDUM

Presently before the Court is Motion of Plaintiff Anthony P. Catanzaro Pursuant to L.R. 83.34.1 for Appointment of Attorney in Action. (Doc. 12.) The action is against a Lackawanna County of Common Pleas Judge and three Judges of the Pennsylvania Superior Court. The gist of the action is that Judge Cottone of the Lackawanna County Court of Common Pleas conspired with the President Judge to rule on the Masters Report in Plaintiff's divorce action when a federal civil rights suit was pending against Judge Cottone. Plaintiff alleges that Judge Cottone should have recused himself, but instead retaliated against Plaintiff by dismissing his objections to the Masters Report and adopting the Master's recommendations. Plaintiff alleges that the Pennsylvania Superior Court Judges violated Plaintiff's constitutional rights when they affirmed Judge Cottone's decision. He also alleges that the Pennsylvania Superior Court Judges conspired in the violation of his constitutional rights.

In determining whether to appoint counsel for Plaintiff, I must review the factors set forth in *Tabron v. Grace*, 6 F.3d 147, (1993) *cert. denied* 510 U.S. 1196, 114 S.Ct. 1306 (1994). First, I must determine whether the claim has arguable merit. *Id*. at 155.

In the instant matter, the Pennsylvania Superior Court reviewed the action taken by Judge Cottone on the basis of a record which reflected Plaintiff's claims for recusal. In so doing, the court affirmed Judge Cottone and commented that all one had to do to recuse a judge was to file a suit against that judge and claim conflict of interest. (*See* Doc. 1 at ¶ 40.) So it is apparent that Plaintiff's grievance concerning Judge Cottone was aired. Moreover, the three judge panel of the Pennsylvania Superior Court, defendants here, affirmed the adoption of the Master's Report and Recommendation. Given the action by the appellate court, there is not much room to argue that Judge Cottone failed to act within his jurisdiction and within the ethics of the judiciary. The Plaintiff's claim does not meet the arguable merit analysis. But, assuming arguendo, there is arguably merit to the Plaintiff's Complaint. The other factors are 1) the ability to pay for counsel; 2) the ability to present the case pro se; 3) whether the legal issues are complex; 4) whether a factual investigation is required, and the ability of Plaintiff to conduct such an investigation; 5) whether the case will turn on credibility determinations; and, 6) whether expert testimony is needed. *Id.*

I will consider each of these factors in relation to the Plaintiff's case.

1. **Ability to Pay**. Since Plaintiff has been granted *in forma pauperis* status, he does not have the ability to pay for counsel.

2. **Ability to Present the Case**. A review of the Complaint reveals a detailed, well written pleading which expresses the Plaintiff's claim in depth. It contains legal citations and is broken down as to claims. It gives every indication that Plaintiff could present his own case.

3. **Whether the legal issues are complex**.  The complaint seeks relief based upon retaliation for the exercise of First Amendment rights and the denial of due process and equal protection of the law.  Factually, it concerns Judge Cottone's failure to recuse himself because of Plaintiff's suit against him and his subsequent adverse ruling against Plaintiff in the divorce action involving Plaintiff and his wife, thereby, says Plaintiff, denying him due process and equal protection.  The Complaint further alleges denial of due process and equal protection against the three judges on the panel of the Pennsylvania Superior Court that affirmed Judge Cottone.  The issues are not complex since they involve whether or not the defendant judges violated the Plaintiff's constitutional rights when they ruled against him.

4. **Need for a Factual Investigation**.  The facts are pretty much known. Any factual investigation would involve finding out whether there was communication between Judge Harhut, the President Judge of Lackawanna County, and Judge Cottone, and whether there were any communications between the judges of the Pennsylvania Superior Court and the judges of the Lackawanna County Court of Common Pleas.  This is easily done by the Plaintiff by discovery.

5. **Whether the case will turn on credibility**.  It is unlikely that the case will turn on credibility, but even if it did, in all probability, the Plaintiff could present his case effectively. Regarding Judge Cottone, the question of motive is easily addressed and does not require extraordinary skill.  Plaintiff has not alleged any facts which would support his contentions of conspiracy among the Defendants.  Without such, his statement of the existence of a conspiracy would be inadmissible conjecture.  Thus, the issue of conspiracy is not likely to turn on a question of credibility.

6. **Need for expert testimony**.  I can foresee no need for expert testimony.

## CONCLUSION

Since the merits of Plaintiff's case are not strong, and since the factors (all but one) argue against appointment of counsel, the motion will be denied.

An appropriate Order follows.

November 1, 2005  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY P. CANTANZARO,<br><br>    Plaintiff<br><br>        v.<br><br>HON. JOHN COTTONE, ET AL.,<br><br>    Defendants | CIVIL ACTION NO. 3:05-CV-0712<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this 1st day of November, 2005, **IT IS HEREBY ORDERED** that the Motion of Plaintiff Anthony P. Catanzaro Pursuant to L.R. 83.34.1 for Appointment of Attorney in Action (Doc. 12) is **DENIED**.

                                                  /s/ A. Richard Caputo
                                                  A. Richard Caputo
                                                  United States District Judge